IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SHANE BUCHANS, *et al.* ) | |
|     Plaintiffs, ) | |
| ) | Case No. 1:17-cv-263 |
| v. ) | |
| ) | |
| CEB INC., *et al.* ) | |
|     Defendants. ) | |
| ) | |

## ORDER

Plaintiff in this case has filed a class action complaint against defendants CEB, Inc., various of CEB's officers, and Gartner, Inc., alleging that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78 *et. seq.*, by issuing a materially false, misleading, and incomplete proxy statement in connection with a proposed merger between CEB and Gartner, Inc. (Doc. 1).

A plaintiff in an essentially identical case alleged that CEB violated the same federal securities laws by issuing the same proxy statement in connection with the proposed merger between CEB and Gartner, Inc. *Gordon v. CEB, Inc.*, No. 1:17-cv-290 (E.D. Va. Mar. 13, 2017) (Complaint). Plaintiff in the *Gordon* case further alleged that a shareholder meeting to vote on the proposed merger is scheduled for April 4, 2017, and accordingly the *Gordon* plaintiff filed a motion for a preliminary injunction to bar the meeting. A hearing on the *Gordon* plaintiff's motion for a preliminary injunction was scheduled for 1:00 p.m. on Friday, March 31, 2017. The *Gordon* plaintiff then filed a motion to withdraw his motion for a preliminary injunction on the ground that CEB agreed to file certain supplemental disclosures that cure the alleged defects in the proxy statement. As a result, an order issued granting the *Gordon* plaintiff's motion to

withdraw his motion for a preliminary injunction and cancel the hearing. *See id.* (E.D. Va. Mar. 27, 2017) (Order). The parties in the *Gordon* case were also directed to file a joint dismissal order by 5:00 p.m. on Wednesday, March 29, 2017, which they did. The parties' stipulation of dismissal was approved and the case was closed. *See id.* (E.D. Va. Mar. 29, 2017) (Order).

Because the *Gordon* case is essentially identical to this case, and CEB has filed supplemental disclosures that cure the alleged defects in the proxy statement, plaintiff must submit a pleading showing why this case is not also moot and should be terminated.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff file a pleading by 5:00 p.m. on April 6, 2017 explaining why this case is not moot and should not be terminated given CEB's supplemental disclosures.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 30, 2017

/s/
T. S. Ellis, III
United States District Judge